AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### FILED

for the

Eastern District of Missouri

**SEP 2 5 2018**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

In the Matter of the Search of

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Eastern District of Missouri, and all
computers, computer hardware, computer and digital media, and wireless
telephones therein.

Case No.　　4:18 MJ 6298 PLC

## APPLICATION FOR A SEARCH WARRANT

I, _____ Charles W. Subke _____, a federal law enforcement officer or an attorney for the government
request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

▮▮▮▮▮▮▮▮▮, Eastern District of Missouri, and all computers, computer hardware, computer and digital media, and wireless
telephones therein.

located in the _____ EASTERN _____ District of _____ MISSOURI _____, there is now concealed

SEE ATTACHMENT A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 USC § 2252 and 2252A | Possession and/or Receipt of Child Pornography |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Charles W. Subke, Special Federal Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/25/18

*Judge's signature*

City and state: St. Louis, MO

Honorable Patricia L. Cohen, U.S. Magistrate Judge
*Printed name and title*

AUSA: Robert F. Livergood

**FILED**

IN RE SEARCH OF THE PREMISES LOCATED AT:

**SEP 25 2018**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Eastern District of Missouri,
and all computers,
computer hardware,
computer and digital media, and
wireless telephones therein.

## AFFIDAVIT

I, Charles W. Subke, being duly sworn, do hereby depose and state:

### I.    INTRODUCTION

1.    I am a Special Federal Officer ("SFO") with the Federal Bureau of Investigation's ("FBI") Child Exploitation Task Force. I have been a Special Federal Officer for nine (9) years and have been a sworn Deputy with the Franklin County Sheriff's Office for twenty (20) years. I am also assigned as an investigator to the Missouri Internet Crimes Against Children Task Force. I have conducted numerous investigations regarding the sexual exploitation of children that involve the use of a computer which has been used to commit a crime in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A. As a Task Force Officer, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have been personally involved in the execution of search warrants to search residences and seize material relating to the sexual exploitation of minors including computers, computer equipment, software, and electronically stored information. I have experience utilizing computers during my career as an investigator and I have completed multiple in-service training, outside training, and other courses in computer crime investigation.

2.    This affidavit is made in support of an application for a search warrant to search for and seize instrumentalities, fruits, and evidence of violations of Title 18, United States Code, Sections 2252 and 2252A, which criminalize, among other things, the possession and/or receipt and shipment of child pornography, and other related materials. The items that are the subject of the search and seizure applied for in this affidavit are more specifically described in Attachment A.

1

3. The premise to be searched is located at ████████████████████████████ ██████ located in Franklin County within the Eastern District of Missouri, which is at the following location:



4. The statements contained in this affidavit are based on my personal knowledge or information provided to me by other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Sections 2252, and 2252A including, but not limited to, the items described in Attachment A, which is attached hereto and incorporated by reference, will be found within the property to be searched.

2

## II.    DEFINITIONS

5.    The following terms have the indicated meaning in this affidavit:

a.    The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such a device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.  18 USC § 1030(e).

b.    The term "minor" means any individual under the age of 18 years.  18 USC § 2256(1).

c.    "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.  18 USC § 2256(2)(A).

d.    Visual depiction includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.  18 USC § 2256(5).

e.    Child pornography means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct or such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.  18 USC § 2256(8)(A) or (C).

f.    Identifiable minor means a person who was a minor at the time the visual depiction was created, adapted, or modified; or whose image as a minor was used in creating, adapting, or modifying the visual depiction; and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; and shall not be construed to require proof of the actual identity of the identifiable minor. 18 USC § 2256(9).

3

g.  "Computer hardware," as used herein, consists of all equipment which can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data, including for example, tablets, digital music devices, portable electronic game systems, electronic game counsels and wireless telephones. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

h.  "Computer software," as used herein, is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

i.  "Computer-related documentation," as used herein, consists of written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

j.  "Computer passwords and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

k.  The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy

4

diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device, wireless telephones, or any other electronic mobile device).

l.    Electronic data may be more fully described as any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer-related equipment.

m.    "Wireless telephone" or "mobile telephone," or "cellular telephone" as used herein means is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. A wireless telephone may have wireless connection capabilities such as Wi-Fi and Bluetooth. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

## III.    COMPUTERS AND CHILD PORNOGRAPHY

6.    I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2251, 2252 and 2252A. I have also participated in various mandated and volunteer training for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography.

7.    Computers, computer hardware, wireless telephones, and computer technology have revolutionized the way in which individuals interested in child pornography interact with each other. Child pornography was formerly produced using cameras and film (either still photography or movies). The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. There were definable costs involved with the production of pornographic images. To distribute these images on any scale required significant resources. The photographs themselves were somewhat bulky and required secure storage to

5

prevent their exposure to the public. The distribution of such items was most often accomplished through a combination of personal contacts, mailings, and telephone calls.

8. The development of computers, wireless telephones and computer hardware has changed the way in which individuals interested in child pornography interact with each other, as computers and computer hardware serve four basic functions in connection with child pornography: production, communication, distribution, and storage.

9. Child pornographers can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner. Digital cameras and wireless telephones allow images to be transferred directly onto a computer. A device known as a modem permits computers to connect to other computers through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers and wireless telephones around the world.

10. The ability of computers, computer hardware and wireless telephones to store images in digital form makes them ideal repositories for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) has grown tremendously within the last several years. These drives can store hundreds of thousands of images at a very high resolution.

11. The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion.

12. Collectors and distributors of child pornography also utilize online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in a variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer.

13. As is the case with most digital technology, communications by way of computer, computer hardware and wireless telephones can be saved or stored on the devices. Storing this information can be intentional, i.e., by saving an e-mail as a file or saving the location of one's favorite websites in, for example, "bookmarked" files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or Internet Service Provider client software, among others). In addition to electronic communications, Internet users generally leave traces or "footprints" in the web cache and history files of the browser used. A forensic

6

examiner can often recover evidence which shows that a computer contains specific software, when the software was installed, logs regarding the usage of the software, and even some of the files which were uploaded or downloaded using the software. Such information may be maintained indefinitely until overwritten by other data.

## IV. SPECIFICS OF SEARCH AND SEIZURE OF COMPUTER SYSTEMS

14. Searches and seizures of evidence from computers commonly require agents to download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

a. Computer storage devices (like hard disks, thumb drives, solid-state drives, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he/she often stores it in random order and with deceptive file names. The latter requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored, and it would be generally impossible to accomplish this kind of data search on site.

b. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. Moreover, the vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications. As such, it is difficult to know prior to a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

## V. CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

15. Most individuals who collect child pornography are sexually attracted to children, as their sexual arousal patterns and erotic imagery focus, in part or in whole, on children. The collection may be exclusively dedicated to children of a particular age/gender or it may be more diverse, representing a variety of sexual preferences involving children. Collectors of child pornography express their attraction to children through the collection of sexually explicit materials involving children, as well as other seemingly innocuous material related to children.

7

16.     The above-described individuals may derive sexual gratification from actual physical contact with children, as well as from fantasy involving the use of pictures or other visual depictions of children or from literature describing sexual contact with children. The overriding motivation for the collection of child pornography may be to define, fuel, and validate the collector's most cherished sexual fantasies involving children.

17.     Visual depictions may range from fully clothed depictions of children engaged in non-sexual activity to nude or partially nude depictions of children engaged in explicit sexual activity. In addition to child pornography, these individuals are also highly likely to collect other paraphernalia related to their sexual interest in children. This other material is sometimes referred to as "child erotica," further defined as any material relating to children that serves a sexual purpose for a given individual. "Child erotica" is broader and more encompassing than child pornography, though at the same time the possession of such corroborative material, depending on the context in which it is found, may be behaviorally consistent with the offender's orientation toward children and indicative of his/her intent. "Child Erotica" includes things such as fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, cartoons and non-sexually explicit visual images.

18.     Child pornography collectors may reinforce their fantasies by taking progressive, overt steps aimed at turning such fantasy(ies) into reality in some, or all, of the following ways: collecting and organizing their child-related material; masturbating while viewing child pornography; engaging children, online and elsewhere, in conversations, sometimes sexually explicit conversations, to fuel and fortify the fantasy; interacting, both directly and indirectly, with other like-minded adults through membership in organizations catering to their sexual preference for children, thereby providing a sense of acceptance and validation within a community; gravitating to employment, activities and/or relationships which provide access or proximity to children; and frequently persisting in the criminal conduct even when they have reason to believe the conduct has come to the attention of law enforcement. These are need driven behaviors to which the offender is willing to devote considerable time, money, and energy in spite of risks and contrary to self-interest.

19.     Child pornography collectors almost always maintain and possess their material(s) in the privacy and security of their homes or some other secure location, such as their vehicle(s), where it is readily available. The collection may include sexually explicit or suggestive materials involving children, such as photographs, magazines, narratives, motion pictures, video tapes, books, slides, drawings, computer images or other visual media. The collector is often aroused while viewing the collection and, acting on that arousal, he/she often masturbates, thereby fueling and reinforcing his/her attraction to children.

8

20. Due to the fact that the collection reveals the otherwise private sexual desires and intent of the collector and represents his most cherished sexual fantasies, some collectors rarely dispose of the collection. The collection may be culled and refined over time, but the size of the collection tends to increase. Individuals who use a collection in the seduction of children or to document the seduction of children treat the materials as prized possessions and are especially unlikely to part with them. Even if a child pornography collector deletes files from his hard drive or other electronic media, a computer expert is often able to retrieve those files using computer forensic tools.

## VI.  SEARCH METHODOLOGY TO BE EMPLOYED

21. The search procedure of electronic data contained in computer, wireless telephones, computer hardware, computer software, and/or memory storage devices may include the following techniques (NOTE: The following is a non-exclusive list, as other search procedures may be employed):

   a.  Examination of all of the data contained in such computers, computer hardware, wireless telephones, computer software, and/or memory storage devices to view the data and determine whether that data falls within the items to be seized as listed in Attachment A;

   b.  Searching for and attempting to recover any deleted, hidden, and/or encrypted data to determine whether that data falls within the list of items to be seized as listed in Attachment A (any data that is encrypted and/or unreadable will be returned when law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

   c.  Surveying various file directories and the individual files they contain;

   d.  Opening files in order to determine their contents;

   e.  Scanning storage areas;

   f.  Performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

   g.  Performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment A.

9

## VII.     DETAILS OF INVESTIGATION

22.    On August 14, 2018, I was contacted by Special Agent Hamlin, F.B.I. Rolla, Missouri Resident Agent. S.A. Hamlin advised me of a possible child pornography investigation he had received from the Fort Smith, Arkansas Office. The target was identified as , which is located in the Eastern District of Missouri.

23.    On August 14, 2018, I drove by  and photographed the exterior of the residence. I noticed a black jeep parked in the drive of the residence with Missouri License of          . I had the license run through the Missouri Department of Revenue. The license came back on a 2008 Jeep, four door, registered to

24.    On August 16th, 2018 I responded to the          County Assessor's Office and asked for information as to who owned the property at . I was given a printout indicating the owner of the property was          .

25.    Details of the Fort Smith, Arkansas investigation are as follows.

26.    On June 5, 2018, Task Force Officer (TFO) Warren Seals was logged into a cooperating witness's (G.G.) Adult Friend Finder account. G.G. had previously given law enforcement consent to assume his online identity.

27.    At 12:52 P.M., G.G.'s account received an instant message from username "pantyfan62" stating, "my favorite perv."

28.    TFO Seals recognized this username. During G.G's. interview with law enforcement on May 24, 2018, G.G. reported several Friend Finder usernames from which G.G. received child pornography. Among these usernames, was "pantyfan62."

29.    TFO Seals proceeded to conduct an online chat with "pantyfan62." During this online conversation, "pantyfan62" sent seven images depicting child exploitative material to G.G.'s account. The chat states:

   **Pantyfan62:** my favorite perv

   **G.G.'s account:** hello hello

   **Pantyfan62:** home for lunch for about 30 min thought I would see what going on

   **Pantyfan62:** hardly enough time to rub one out lol

10

**G.G.'s account:** better stroke fast

**Pantyfan62:** lol

**G.G.'s account:** got any new photos ?

**Pantyfan62:** nothing that's hard

**G.G.'s account:** give me something to stroke to

**Pantyfan:** (At this point in the conversation, "pantyfan62" sent two images. The first image depicted a prepubescent minor female with her right breast and nipple visible. The second image depicted a prepubescent minor female wearing a pink top, with her top moved to the side and her left breast and nipple visible).

**G.G.'s account:** sexy…tease

**Pantyfan62:** ("pantyfan62" sent an image depicting two nude prepubescent minor females posed sitting on a tree branch and exposing their breasts and vaginas).

**G.G.'s account:** nice

**Pantyfan62:** anything new?

**Pantyfan62:** ("pantyfan62" sent an image depicting teenage male in front of a mirror taking a 'selfie' photo. The male was nude and his penis was exposed).

**G.G.'s account:** no.. benn real slow and haven't able on much lately

**G.G.'s account:** will let you know when I get some new

**Pantyfan62:** how about old lol

**G.G.'s account:** what have you been stroking to?

**G.G.'s account:** 11,12

**Pantyfan62:** yes

**Pantyfan62:** 8 to 12

**G.G.'s account:** who me what you've been jerking to

11

**Pantyfan62:** ("pantyfan62" sent three images. The first image depicted a minor male lying face down on a bed fully nude. The second image depicted two prepubescent minor males near a body of water. The minor males were nude and their penises were exposed. The third image depicted a prepubescent minor female wearing a pair of white boxer briefs. The female was topless and her breasts were exposed).

**G.G.'s account:** yes..good stuff. Thank you sir

**G.G.'s account:** let me know when you have anything else pls an thank u

30. Following the online undercover chat previously documented between FBI personnel using G.G.'s account and communicating with username "pantyfan62," a subpoena was sent to Friend Finder Network in order to identify the user of the "pantyfan62" account.

31. The results of the administrative subpoena were returned on June 8, 2018. The results showed the user of "pantyfan62" was registered with Adult Friend Finder with an email address "andy6mmber@gmail.com," which was confirmed with Adult Friend Finder on October 11, 2013. The user's date of birth is listed as XX/X▓▓▓. The User listed their location as Mid Missouri.

32. The I.P. Address used to log into the "pantyfan62" account on the date of the online undercover chat, June 5, 2018, was '162.227.168.194.' When using open source searches for this I.P. Address, the results showed the I.P. Address to belong to domain sbcglobal.net.

33. A search for ▓▓▓▓▓▓▓ using law enforcement databases including ACIC/NCIC and open sourced databases was conducted. NCIC identified ▓▓▓▓▓▓ DOB XX/XX/▓ ; SSN XXXX▓▓▓ ; Missouri DL XXXX▓▓ ; address ▓▓▓▓▓▓ .

34. A search of the American Registry for Internet Numbers (ARIN) online database Indicated that IP address 162.227.168.194 was a static I.P. Address and was registered to the AT&T Corporation. According to ARIN's website, ARIN is a nonprofit organization responsible for managing the Internet numbering Resources for North America, and a portion of the Caribbean. An administrative subpoena was sent to AT&T Corporation on August 22, 2018, to determine to whom the address was assigned on the date and time the chat occurred.

35. On August 29, 2018, I received a response from AT&T which revealed that on June 5, 2018, between 05:40 P.M. and 03:25 P.M., the IP Address 162.227.168.194 was assigned to the account registered to ▓▓▓▓▓▓▓▓▓▓ ,

Case: 4:18-mj-06298-PLC Doc. #: 1-3 Filed: 09/03/18 Page: 14 of 26 PageID #: 55



.

36. Affiant searched various records indices for information regarding ▮▮▮▮▮ and address ▮▮▮▮▮▮▮▮▮▮▮▮.

    a. Public records report accessed through "CLEAR," a public records database that can be accessed and searched over the Internet, for ▮▮▮▮▮, showed a full name of ▮▮▮▮▮▮ and a social security account of XXXXX▮, date of birth XX/XX/▮, and showed an active address of ▮▮▮▮▮▮▮▮▮▮.

    b. Missouri Bureau of Motor Vehicle records indicated that ▮▮▮▮▮k has a vehicle registered at ▮▮▮▮▮▮, ▮▮▮▮ with the registration expiring on August 2020.

    c. Affiant knows from training and experience that Internet computers identify each other by an IP address. Affiant knows that these IP addresses can assist law enforcement in finding a particular computer on the Internet. These IP addresses can typically lead a law enforcement officer to a particular Internet service company and that company can typically identify the account that uses or used the address to access the Internet.

37. On August 30, 2018, I drove past ▮▮▮▮▮▮▮▮▮▮ and photographed the exterior of the residence, which is described above. I observed a blue Jeep, four door, parked in drive of the residence. The license plate information was visible Missouri license ▮▮▮▮ I confirmed with the Missouri Department of revenue that vehicle was registered to ▮▮▮▮▮▮▮▮.

## VIII. CONCLUSION

38. Based on the above information, there is probable cause to believe that 18 U.S.C. §§ 2252 and 2252A, which, among other things, make it a federal crime for any person to knowingly possess, receive, and/or distribute child pornography, have been violated, and that the property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment A of this Affidavit, are located within ▮▮▮▮▮▮▮▮▮▮, and all computers, computer hardware, computer and digital media, and wireless telephones therein.

13

39.    Your Affiant requests authority to seize such material, specifically, that the Court
       issue a search warrant for the premises at ████████████████████████████,
       and all computers, computer hardware, computer and digital media, and wireless
       telephones therein for the items listed in Attachment A.


CHARLES W. SUBKE
Special Federal Officer
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this _____ 25 _____ day of September, 2018.


PATRICIA L. COHEN
United States Magistrate Court Judge
Eastern District of Missouri

14

IN RE SEARCH OF THE PREMISES LOCATED AT:

Eastern District of Missouri,
and all computers,
computer hardware,
computer and digital media, and
wireless telephones therein.

## ATTACHMENT A

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

1.     All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C), and any mechanism used for the receipt or storage of the same, including but not limited to:

Computers, computer hardware, computer or digital media, wireless telephones, computer system and related peripherals including any data processing devices and software, including but not limited to central processing units; internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, routers, computer compact disks, CD-ROMS, DVD, and other memory storage devices; peripheral input/output devices, including but not limited to keyboards, printers, video display monitors, scanners, digital cameras, and related communications devices such as cables and connections; and any devices, mechanisms, or parts that can be used to restrict access to computer hardware, including but not limited to physical keys and locks.

2.     Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code.

3.     Any and all notes, documents, records, correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs, electronic messages, and handwritten notes), emails, computer logs, and browser and internet history (in documentary or electronic form) pertaining to the possession, receipt or distribution of child pornography (or attempt to do so) or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C).

4.     Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of computer equipment found in the searched premises.

1

5.      Documents and records regarding the ownership and/or possession of the searched premises.

6.      Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted or in contact with residents by use of the computer or by other means for the purpose of producing, distributing or receiving child pornography as defined in 18 U.S.C. 2256(8)(A) or (C) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. 2256(2)(A).

2

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

FILED

SEP 25 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| In the Matter of the Search of <br> ███████████, Eastern District of Missouri, and <br> all computers, computer hardware, computer and digital media, and wireless <br> telephones therein. | ) <br> ) <br> ) Case No.   4:18 MJ 6298 PLC <br> ) <br> ) <br> ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     EASTERN     District of     MISSOURI *(identify the person or describe the property to be searched and give its location)*:

██████████████████, Eastern District of Missouri, and all computers, computer hardware, computer and digital media, and wireless telephones therein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A

**YOU ARE COMMANDED** to execute this warrant on or before     October 9, 2018     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    United States Magistrate Judge Patricia L. Cohen    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    8/25/18    9:26       _Patricia L. Cohen_
                                                       *Judge's signature*

City and state:    St. Louis, MO             Honorable Patricia L. Cohen, U.S. Magistrate Judge
                                                     *Printed name and title*

**IN RE SEARCH OF THE PREMISES LOCATED AT:**

Eastern District of Missouri,
and all computers,
computer hardware,
computer and digital media, and
wireless telephones therein.

## ATTACHMENT A

### LIST OF ITEMS TO BE SEIZED AND SEARCHED

1.      All visual depictions, including still images, videos, films or other recordings of child
pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States
Code, Section 2256(8)(A) or (C), and any mechanism used for the receipt or storage of the same,
including but not limited to:

Computers, computer hardware, computer or digital media, wireless telephones, computer
system and related peripherals including any data processing devices and software, including but
not limited to central processing units; internal and peripheral storage devices such as fixed
disks, external hard drives, floppy disk drives and diskettes, routers, computer compact disks,
CD-ROMS, DVD, and other memory storage devices; peripheral input/output devices, including
but not limited to keyboards, printers, video display monitors, scanners, digital cameras, and
related communications devices such as cables and connections; and any devices, mechanisms,
or parts that can be used to restrict access to computer hardware, including but not limited to
physical keys and locks.

2.      Any and all computer passwords and other data security devices designed to restrict
access to or hide computer software, documentation, or data. Data security devices may consist
of hardware, software, or other programming code.

3.      Any and all notes, documents, records, correspondence, in any format and medium
(including, but not limited to, envelopes, letters, papers, email messages, chat logs, electronic
messages, and handwritten notes), emails, computer logs, and browser and internet history (in
documentary or electronic form) pertaining to the possession, receipt or distribution of child
pornography (or attempt to do so) or visual depictions of minors engaged in sexually explicit
conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C).

4.      Any and all records, documents, invoices, notes and materials that pertain to accounts
with any Internet Service Provider, as well as any and all records relating to the ownership or use
of computer equipment found in the searched premises.

1

5.     Documents and records regarding the ownership and/or possession of the searched premises.

6.     Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted or in contact with residents by use of the computer or by other means for the purpose of producing, distributing or receiving child pornography as defined in 18 U.S.C. 2256(8)(A) or (C) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. 2256(2)(A).

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of<br>█████ ██████ █████ Eastern District of Missouri, and<br>all computers, computer hardware, computer and digital media, and wireless<br>telephones therein. | )<br>)<br>)    Case No.   4:18 MJ 6298 PLC<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     EASTERN     District of     MISSOURI *(identify the person or describe the property to be searched and give its location)*:

████████ Eastern District of Missouri, and all computers, computer hardware, computer and digital media, and wireless telephones therein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A

**YOU ARE COMMANDED** to execute this warrant on or before     October 9, 2018     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    United States Magistrate Judge Patricia L. Cohen  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for    days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of

Date and time issued:    8|25|18    9:26 A.M.        *Patricia Y. Cohen*
                                                      *Judge's signature*

City and state:    St. Louis, MO             Honorable Patricia L. Cohen, U.S. Magistrate Judge
                                                            *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>4:18 MJ 6298 PLC | Date and time warrant executed:<br>9-27-18   07:26 hrs. | Copy of warrant and inventory left with:<br>Andrew Lakebrink |
| Inventory made in the presence of :<br>Det. Lustwerk FCSO | | |

Inventory of the property taken and name of any person(s) seized:

See Attached.cut

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   9-28-18

*Charles W. Sulke*
Executing officer's signature

Charles W. Sulke  FCSO  Captain
Printed name and title

IN RE SEARCH OF THE PREMISES LOCATED AT:

████████████████

Eastern District of Missouri,
and all computers,
computer hardware,
computer and digital media, and
wireless telephones therein.

## **ATTACHMENT A**

## **LIST OF ITEMS TO BE SEIZED AND SEARCHED**

1.     All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C), and any mechanism used for the receipt or storage of the same, including but not limited to:

Computers, computer hardware, computer or digital media, wireless telephones, computer system and related peripherals including any data processing devices and software, including but not limited to central processing units; internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, routers, computer compact disks, CD-ROMS, DVD, and other memory storage devices; peripheral input/output devices, including but not limited to keyboards, printers, video display monitors, scanners, digital cameras, and related communications devices such as cables and connections; and any devices, mechanisms, or parts that can be used to restrict access to computer hardware, including but not limited to physical keys and locks.

2.     Any and all computer passwords and other data security devices designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code.

3.     Any and all notes, documents, records, correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs, electronic messages, and handwritten notes), emails, computer logs, and browser and internet history (in documentary or electronic form) pertaining to the possession, receipt or distribution of child pornography (or attempt to do so) or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(8)(A) or (C).

4.     Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of computer equipment found in the searched premises.

1

5.      Documents and records regarding the ownership and/or possession of the searched premises.

6.      Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted or in contact with residents by use of the computer or by other means for the purpose of producing, distributing or receiving child pornography as defined in 18 U.S.C. 2256(8)(A) or (C) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. 2256(2)(A).

| | |
|---|---|
| *Complaint Number* | 2018-0782 |
| *Report Date* | 8/22/2018 1:28:15 PM |
| *Seizure Officer* | Lustwerk, Theresa |

**Crime Scene Inventory and Property Receipt**

| | |
|---|---|
| *Victim* | UNITED STATES GOVERNMENT |
| *Suspect* | ▓▓▓▓▓▓▓ ▓ ▓ ▓▓▓ |
| *Main Offense* | POSSESSION OF CHILD PORNOGRAPHY - 1ST OFFENSE |
| *Address* | ▓▓▓▓▓▓▓ |

| Item # | Item Description | Recovery Location | Owner | Property Status |
|---|---|---|---|---|
| 1 | ENV-W/ I-PHONE - APPLE - MODEL 6S 128 GB | ON SUBJECT | ▓▓▓▓ | HELD AS EVIDENCE |
| 2 | ENV-W/ I-PHONE - APPLE - MODEL A15333 | LIVINGROOM SOFA | ▓▓▓▓ | HELD AS EVIDENCE |
| 3 | ENV-W/ KINDLE IN BLACK COVER | LIVINGROOM SOFA | ▓▓▓▓ | HELD AS EVIDENCE |
| 4 | ENV-W/ TABLET - ASUS BRAND | LIVINGROOM SOFA | ▓▓▓▓ | HELD AS EVIDENCE |
| 5 | PB-W/ XBOX VIDEO GAME SYSTEM MODEL 360 S | FAMILY ROOM DOWNSTAIRS | ▓▓▓▓ | HELD AS EVIDENCE |
| 6 | ENV-W/ MEMORY CARD - SANDISK | BOX ON TOP OF GUN SAFE | ▓▓▓▓ | HELD AS EVIDENCE |
| 7 | BOX-W/ LAP TOP COMPUTER-HEWLETT-PACKARD | GARAGE | ▓▓▓▓ | HELD AS EVIDENCE |
| 8 | BOX-W/LAP TOP COMPUTER - GATEWAY | GARAGE | ▓▓▓▓ | HELD AS EVIDENCE |
| 9 | BOX-W/COMPUTER TOWER - ACER | GARAGE | ▓▓▓▓ | HELD AS EVIDENCE |
| 10 | PB-W/VIDEO GAME SYSTEM - XBOX | GARAGE | ▓▓▓▓ | HELD AS EVIDENCE |
| 11 | BOX-W/LAP TOP COMPUTER - GATEWAY | MASTERBED ROOM | ▓▓▓▓ | SEND TO LAB |
| 12 | COMPUTER TOWER - NOBILIS MODEL 52X MAX | MASTERBED ROOM | ▓▓▓▓ | HELD AS EVIDENCE |
| 13 | PB-W/HD HANDYCAM -SONY-MODEL EXMOR R | MASTERBED ROOM | ▓▓▓▓ | HELD AS EVIDENCE |

© 1994 - 2018 Omnigo Software St. Louis MO omnigo.com

| Item # | Item Description | Recovery Location | Owner | Property Status |
|---|---|---|---|---|
| 14 | PB-W/DIGITAL CAMERA-NIKON-COOLPIX L820 | MASTERBED ROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 15 | PB-W/UNMARKED VHS TAPES | MASTERBEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 16 | PB-W/8-UNMARKED CDS; 6-PKGS OF SEALED CDS | MASTERBED ROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 17 | PB-W/ 3 MARKED VHS TAPES | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 18 | BOX-W/LAP TOP COMPUTER-ACER | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 19 | ENV-W/GO PRO CAMERA IN PLASTIC CASE | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 20 | ENV-W/EXTERNAL HARD DRIVE-SEAGATE | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 21 | BOX-W/LAP TOP COMPUTER-INSPIRON-MODEL N5050 | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 22 | BOX-W/LAP TOP COMPUTER-DELL | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 23 | PB-W/PORNOGRAPHIC MAGAZINES-TEEN GIRLS | MASTER BEDROOM | ▓▓▓▓▓▓ | HELD AS EVIDENCE |
| 24 | COMPUTER TOWER - NOBILIS | OUTSIDE IN FRONT OF GARAGE | ▓▓▓▓▓▓ | HELD AS EVIDENCE |

**CHAIN OF CUSTODY**

Item #: 1-24   Received From: Theresa Lustwerk   By: Matine Eckelkamp   Date: 9-28-18   Time: _____

Item #: _____   Received From: _____ By: _____ Date: _____ Time: _____

Item #: _____   Received From: _____ By: _____ Date: _____ Time: _____

© 1994 - 2018 Omnigo Software St. Louis MO omnigo.com